UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MUFTI ABDUL EL-MALIK BEY ALI )
a/k/a FRANCIS LEE SMITH-BEY, )
)
Plaintiff, )
)
v. ) No. 1:17-cv-01571-WTL-MJD
)
MATT PETERSON, )
DREW LIEBEL, )
ANDREW COLE, )
)
Defendants. )

**ENTRY GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Mufti Abdul El-Malik Bey Ali is a prisoner confined at the Pendleton Correctional Facility (PCF). Mr. Abdul filed this lawsuit on May 15, 2017, pursuing claims alleging restrictions on his religious practices.

The defendants have moved for summary judgment, arguing that Mr. Abdul failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), before filing this lawsuit. For the reasons set forth below, the defendants' motion for summary judgment is **granted in part** and **denied in part**.

**I. Legal Standards**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted).

"A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The substantive law applicable to the motion for summary judgment is the PLRA, which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch,* 902 F.3d 683, 687 (7th Cir. 2018). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Ross v. Blake,* 136 S. Ct. 1850, 1859 (2016) (internal quotation omitted).

2

When a party does not respond to a motion for summary judgment, the opposing party's facts are accepted as true. *See* S.D. Ind. L. R. 56-1(f)(1)(A) ("In deciding a summary judgment motion, the court will assume that[ ] the facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that[] the non-movant specifically controverts the facts . . . ."); *see also Dade v. Sherwin-Williams Co.*, 128 F.3d 1135, 1137 (7th Cir. 1997) (affirming district court's grant of summary judgment where it accepted moving party's facts as true when non-moving party failed to respond under local rule). This does not alter the summary judgment standard, so the movant's facts are still viewed in the light most favorable to the non-movant, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). "Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

## II. Facts

The complaint alleges that the defendants are responsible for conditions that have prevented Mr. Abdul from exercising his sincerely held religious beliefs, including:

- being able to pray collectively with other Muslim inmates five times per day;
- receiving three halal meals every day;
- receiving certain accommodations for Ramadan and ritual feasts; and
- receiving halal hygiene items.

At the time Mr. Abdul initiated this litigation, an administrative remedy program was available to inmates at PCF. That remedy program was codified in the Indiana Department of Correction's (IDOC's) Offender Grievance Process (OGP). *See* Dkt. No. 37 at 8–32.

To complete the OGP (and exhaust its remedies), an inmate must complete the following three steps:

    (i)    An informal attempt to solve a problem or address a concern, which can be followed by;

    (ii)    Submission of a written form outlining the problem or concern and other supporting information, and the response to that submission, which can be followed by;

    (iii)    A written appeal of the response to a higher authority and the response to that appeal. The Department does not require an offender who is satisfied with the result at any step to proceed further with the process.

*Id.* at 10.

Mr. Abdul has presented numerous grievances in his time at PCF. Three grievances relate to the subject matter of this lawsuit.

In Grievance No. 79111, Mr. Abdul sought the provision of a halal diet. There is no dispute that Mr. Abdul completed all three steps in the OGP in Grievance No. 79111. *Id.* at 44–47. Mr. Abdul's final appeal of this grievance was denied December 19, 2013. *Id.* at 47.

In Grievance No. 80800, Mr. Abdul sought the right to pray collectively with fellow Muslims five times per day. There is no dispute that Mr. Abdul completed all three steps in the OGP in Grievance No. 80800. *Id.* at 49–57. Mr. Abdul's final appeal of this grievance was denied March 17, 2017. *Id.* at 49.

In Grievance No. 92210, Mr. Abdul sought certain accommodations for Ramadan. There is no dispute that Mr. Abdul completed all three steps in the OGP in Grievance No. 80800. *Id.* at 59–63. Mr. Abdul's final appeal of this grievance was denied October 4, 2016. *Id.* at 63.

Mr. Abdul has not filed any grievances with respect to the provision of halal hygiene products. He filed this lawsuit on May 15, 2017.

## III. Analysis

The undisputed evidence shows that Mr. Abdul completed the OGP with respect to three of the issues raised in his complaint (halal diet, congregate prayer, and Ramadan accommodations) and that he failed to do so with respect to the fourth (halal hygiene products). The defendants' motion for summary judgment nevertheless asserts that all of Mr. Abdul's claims are precluded by the PLRA's exhaustion requirement.

The defendants do not specifically address the question of whether Grievance No. 79111 properly grieved Mr. Abdul's claims regarding halal diet. As to Grievance No. 92210, they argue only that its subject matter is not sufficiently connected to the complaint's allegations regarding accommodations during Ramadan and ritual feasts. Specifically, the defendants argue that Grievance No. 92210 arose when the prison staff accidentally left Mr. Abdul off the list of inmates requiring Ramadan accommodations. It did not, they argue, concern the prison's accommodations for Ramadan as a whole. But the grievances themselves are not clearly so limited. *See, e.g.*, Dkt. No. 37 at 63 (stating that prison staff ordered non-halal food for Ramadan). Therefore, the Court finds Grievance No. 92210 sufficiently related to the complaint's concerns regarding accommodations for Ramadan and ritual feasts to satisfy the PLRA.

The defendants concede that Mr. Abdul specifically grieved the issue of congregate prayer in Grievance No. 80800. However, they ask the Court to find that this grievance—and all the others noted above—was filed too long before his complaint to satisfy the PLRA.

The text of the PLRA requires that an inmate exhaust available administrative remedies *before* filing a lawsuit on the same issue. But it includes no requirement that an inmate file his suit within a certain amount of time *after* exhausting administrative remedies. Moreover, like the defendants, the Court has been unable to locate a judicial decision finding that a plaintiff's efforts

to exhaust were insufficient because they took place too long ago. *See* Dkt. No. 36 at 10 ("No case has been found addressing stale grievances . . . .").

The defendants suggest that the PLRA should bar Mr. Abdul's claims if the time between exhaustion and the filing of his complaint exceeded the applicable statute-of-limitations period. Again, the defendants have not cited any legal authority in support of that theory. Moreover, a statute of limitations places an outer boundary on when a claim may be brought in relation to when the underlying events occurred. Nothing in the PLRA or the OGP places an outer boundary on when a claim may be brought in relation to when the plaintiff exhausted administrative remedies. Whether Mr. Abdul's claims are barred by the statute of limitations is a question entirely separate from the exhaustion defense.

"Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas*, 787 F.3d at 847. The defendants have not carried this burden as to Mr. Abdul's congregate prayer, halal diet, and ritual accommodation claims. To the extent they have argued that Mr. Abdul's grievances did not address the subject matter presented in the complaint, Grievance Nos. 79111, 80800, and 92210 tell a different story. And their argument that these grievances did not satisfy the PLRA because they are too old simply is not supported by any legal authority.

### IV. Conclusion, Rule 56(f) Notice, and Further Proceedings

The defendants' motion for summary judgment, Dkt. No. 35, is **granted in part and denied in part**. The motion is **granted** insofar as the Court finds that Mr. Abdul failed to exhaust available administrative remedies concerning access to halal hygiene products and **dismisses** his claim on that issue.

The motion is **denied** as to Mr. Abdul's claims regarding congregate prayer, halal diet, and accommodations for Ramadan and ritual feasts. Moreover, the record before the Court shows that *Mr. Abdul* is entitled to summary judgment with respect to the affirmative defense of exhaustion on these claims. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in Mr. Abdul's favor on the exhaustion defense as it relates to these three claims. The Defendants shall have **through March 11, 2019**, to respond to the Court's proposal and either (a) show cause why summary judgment should not be entered in Mr. Abdul's favor as discussed above, or (b) withdraw the affirmative defense of exhaustion. The defendants shall not view this order as an invitation to present evidence or legal authority that they could have presented in support of this motion.

**IT IS SO ORDERED.**

Date: 3/1/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

MUFTI ABDUL EL-MALIK BEY ALI
955755
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
jonathan.nagy@atg.in.gov